**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PIERRE'S RESORT, LC,**
**THE DORCHESTER, LLC,**
     **Plaintiffs,**

**-vs-**                 Case No. 6:08-cv-294-Orl-18DAB

**INTERSTATE MANAGEMENT**
**COMPANY, LLC, f/k/a Meristar**
**Management Company, LLC,**
     **Defendant.**
_____

## ORDER ON MOTION AND ORDER TO SHOW CAUSE

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION TO STAY DISCOVERY (Doc. No. 30)**
>
> **FILED:**   **February 13, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

  An order staying discovery pending resolution of a dispositive motion is within the Court's discretion, but Defendant cites no particular reason sufficient to justify a stay in this case. As pointed out by Defendant itself, even if Defendant were successful on its motion for *partial* summary judgment, the motion will not dispose of the entire case. No need for the stay is therefore apparent, and no prejudice to Defendant is evident.

  On an unrelated matter, the Court notes that the case was removed by Defendant, allegedly pursuant to this Court's diversity jurisdiction. As the Court is in doubt as to the existence of that

jurisdiction, Defendant is **ORDERED TO SHOW CAUSE** in writing, within 11 days of the date of this Order, why the matter should not be remanded for lack of subject matter jurisdiction.

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns*, 31 F.3d at 1094 ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

Parties cannot consent to federal subject matter jurisdiction; it is question of law for the Court to decide. *See Williams*, 269 F.3d at 1318 (Eleventh Circuit raised *sua sponte* issue of whether the case involved a sufficient amount in controversy despite parties' stipulation that court had jurisdiction). The Eleventh Circuit's procedure allows the district court to determine jurisdictional facts at the time of removal. *Williams*, 269 F.3d at 1319. The court may also consider evidence submitted after the notice of removal is filed. *Id.*

*Diversity Jurisdiction*

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants. *Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365,

373 (1978).¹ In order to achieve "complete diversity" no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437 U.S. at 373.

The standard for determining citizenship for purposes of ascertaining diversity jurisdiction of a limited liability company or limited partnership is different from that of a corporation. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). However, unlike corporations, an unincorporated entity such as a limited partnership is not, without more, a citizen of the state that created the entity; such legal entities are citizens of every state in which each of their members or partners are citizens. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-88 (1990); *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir .2004) (For purposes of assessing diversity of citizenship, " a limited liability company is a citizen of any state of which a member of the company is a citizen ...").

Removal is improper for lack of diversity of citizenship if any partner is a citizen of the same state as an opposing party. *See, e.g., Pimal Property, Inc. v. Fireman's Fund Ins. Co.*, No. 04-1178, 2005 WL 3273559, *4 (D. Ariz. 2005) (where at least one member of defendant limited liability company was a citizen of the same state as plaintiff, the addition of the limited liability company destroyed diversity of citizenship and the court lacked subject matter jurisdiction over the case, requiring remand to state court); *see also Island Park Estates, LLC v. Brack ,* 2006 WL 3448624, 2 (S.D. Tex. 2006) ("The citizenship for diversity purposes of a limited liability company ... despite the

---

¹In addition to the requirement of diversity, the removing defendant is required to show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC* , 329 F.3d 805, 807 (11th Cir. 2003), *citing Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir.2000). Here, it appears that requirement has been met.

resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.") (collecting cases from several circuits).

Applied here, Defendant has failed to allege the citizenship of every member or partner of both of the Plaintiffs and every member of Defendant. As such, diversity is not apparent. As the Court is authorized to resolve any question regarding its jurisdiction at any time during the proceedings, Defendant, as the party who removed the case to federal court, is **ORDERED TO SHOW CAUSE** within 11 days from the date of this Order why the case should not be remanded for lack of subject matter jurisdiction. The response must include a complete list of the members and their citizenship for both Plaintiffs and Defendant. ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability compan[ies] and all the partners of the limited partnership." *Rolling Greens*, 374 F.3d at 1022). Failure to comply with this Order may result in remand of the suit for lack of subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. §1332.

**DONE** and **ORDERED** in Orlando, Florida on February 17, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record